# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**VERNA WHITE, Individually and as Special**
**Administratrix of the Estate of JORDAN WHITE,**
**Deceased**                                                                           **PLAINTIFF**

**v.**                     **CASE NO: 2:19cv00163-JM**

**CHRISTOPHER B. BUCHANAN;**
**FORREST CITY HOUSING CORPORATION**
**OF FORREST CITY, d/b/a FORREST CITY**
**HOUSING AUTHORITY; and**
**ACUTRAQ BACKGROUND SCREENING,**
**INC., a/k/a TENANT SCREENING FOR LANDLORDS**
**AND TENANT SEARCHERS**                               **DEFENDANTS**

## ORDER

Pending is Plaintiff's motion to remand.[1] (Doc. No. 10). Two defendants have responded opposing the remand. For the reasons stated below, the motion to remand is granted.

Plaintiff is the mother of Jordan White, a deceased minor and the special administrator of his estate. She filed suit in the Circuit Court of St. Francis County, Arkansas on August 29, 2019, alleging that her 15-year old son was murdered by Defendant Christopher B. Buchanan on the property of Defendant Forrest City Housing Corporation of Forrest City (the "Housing Authority") where Buchanan was a tenant. In addition to naming Buchannan and the Housing Authority, Plaintiff sued ACUTRAQ Background Screening, Inc. ("ACUTRAQ") who had been contracted to perform the tenant screening for Buchannan. Her original complaint was against Buchannan for wrongful death and against the other two defendants for negligence, all state court actions.

Plaintiff filed an amended complaint in St. Francis County on November 27, 2019. (Doc.

---

[1] Through an apparent scrivener's error, the motion bears the title "Plaintiff's Response and Brief in Support of Defendant Acutraq's Motion to Dismiss First Amended Complaint," mirroring the title to Doc. No. 9.

1

No. 3). In it she claims that the Housing Authority and ACUTRAQ's respective duties to the deceased arose out of HUD Rules and Regulations; Plaintiff also added a claim against ACUTRAQ for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). After receiving the amended complaint, ACUTRAQ removed the action to this Court on December 20,2019 on the basis that there was now a federal question, and the FCRA allows that claims under that statute may be brought in federal court regardless of the amount in controversy. 28 U.S.C. §1331; 15 U.S.C. §1681p.

Next ACUTRAQ filed a motion to dismiss the amended complaint arguing that Plaintiff failed to state a negligence claim against it and that Plaintiff did not have standing to pursue the FCRA claim. (Doc. No. 5). Plaintiff responded to the motion, conceding that she lacked standing to pursue the FCRA claim. On the same day, she filed a second amended complaint (Doc. No. 8) dropping the federal claim and leaving only the state law claims of wrongful death and negligence.[2] A few days later, Plaintiff filed her motion to remand this action back to St. Francis County. Both ACUTRAQ and the Housing Authority have filed motions to dismiss the second amended complaint and oppose the remand.

The jurisdiction of the court is determined at the time of removal, and the Court had jurisdiction over the case at the time it was removed by ACUTRAQ. Once the FCRA claim was withdrawn by the second amended complaint, the basis for the Court's jurisdiction arising under a federal law no longer existed. The Court does not find that Plaintiff has attempted to engage in forum manipulation. It was ACUTRAQ that filed the removal and the motion to dismiss; Plaintiff conceded the motion as to the FCRA claim and proceeded to withdraw it.

---

[2] Plaintiff did not get consent of the opposing parties or request leave of the Court to file her second amended complaint. The Court accepts the filing and, after the fact, grants leave.

The Housing Authority and ACUTRAQ also argue the Court still has jurisdiction, nonetheless, because "a substantial federal question" exists. Federal jurisdiction can exist when "state-law claims implicate significant federal issues." *Holbein v. Baxter Chrysler Jeep, Inc.*, 948 F.3d 931, 935 (8th Cir. 2020) (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). "There is no "single, precise, all-embracing' test for jurisdiction" in such cases. *Grable* at 314 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821, (1988) (Stevens, J., concurring)). The Eighth Circuit has "applied this variety of federal question jurisdiction narrowly, recognizing that it exists only in a "'special and small category' of cases." *Holbein* at 935 (8th Cir. 2020) (quoting *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 331 (8th Cir. 2016)). The Supreme Court has recognized that "the vast majority of cases brought under the general federal-question jurisdiction ... are those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808 (1986) (quoted in *McNeill v. Franke*, 171 F.3d 561, 563–64 (8th Cir. 1999)). Original federal jurisdiction is available only if "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1 (1983). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow,* 478 U.S. at 813 (quoted in *McNeill* at 563–64).

In both the first amended complaint, which prompted the removal, and the second amended complaint filed in this Court, Plaintiff makes the following allegations. The duties breached by the Housing Authority and ACUTRAQ arise in part from HUD Rules and Regulations of which Jordan White was a third-party beneficiary. These Rules and Regulations

3

impose a duty on the Housing Authority to conduct background checks on potential tenants. The Housing Authority contracted with ACUTRAQ in order to comply with the HUD Rules and Regulations. The Housing Authority was negligent in failing to comply with certain Rules and Regulations, which failure was the proximate cause of Jordan White's death. As regarding ACUTRAC, the complaint alleges that ACUTRAQ failed to use ordinary care in providing professional services with respect to the background check on Buchannan, which failure resulted in Jordan White's death. It also alleges that ACUTRAQ "knew or should have known that [the Housing Authority] was subject to HUD Rules and Regulations that imposed a duty to perform background checks on potential tenants."

The Court finds that the allegation in the second amended complaint fail to raise a substantial federal question. Proving that the Housing Authority violated federal regulations would only serve as evidence of negligence, and Plaintiff is not required to prove any of violations as an essential element of her claims. *See Willis v. Jefferson Hosp. Ass'n, Inc.*, No. 5:05CV00212 JLH, 2005 WL 8164666 (E.D. Ark. Sept. 8, 2005) (finding no substantial federal question existed when complaint alleged violations of regulations promulgated by the Secretary of Health and Human Services in claim for medical negligence). Even if Plaintiff were required to prove violations of the federal regulations to prevail on her claim, that would not establish a substantial question of federal law. The Court agrees with the authorities cited by the Housing Authority in its Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 13, pp.6-7), that there is no private right of action to enforce HUD regulations. A "congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question

jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986); *Willis* at *2.

Defendant also urge the Court to exercise pendant jurisdiction. The Court can exercise supplemental jurisdiction over the remaining issues in the case pursuant to 28 U.S.C. § 1367. However, supplemental jurisdiction is a doctrine of discretion, not of a party's right. *St. John v. International Ass'n of Machinists and Aerospace Workers,* 139 F.3d 1214, 1217 (8th Cir. 1998) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). "Its justification lies in 'considerations of judicial economy, convenience, and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims.'" *Id.*

In this case, judicial resources have not been expended at this point in the litigation. Judicial economy weighs heavily in favor of having the state law claims for wrongful death and negligence adjudicated by the state court. Therefore, the Court declines to exercise supplemental jurisdiction over the issues remaining in the case pursuant to 28 U.S.C. § 1367(c). The case is remanded to the St. Francis Circuit Court, Civil Division.

The Clerk is directed to immediately transfer this case to the Clerk of the St. Francis Circuit Court, Civil Division. The Clerk is then directed to close this case.

IT IS SO ORDERED this 26th day of February, 2020.

_____
UNITED STATES DISTRICT JUDGE